IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES GEORGE ANDREOPOULOS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING IN PART DEFENDANT'S MOTION IN LIMINE TO EXCLUDE UNCONVICTED CHARGES<br><br>Case No. 2:08-CR-24 TS |

Defendant is charged with one count of bank robbery by force or violence in connection with the November 20, 2007 robbery of a St. George, Utah branch of the State Bank of Southern Utah (the currently charged offense). Defendant moves to exclude evidence of alleged prior bad acts consisting of similar bank robberies in Arizona during the same time frame he is alleged to have committed the currently charged offense. Defendant points out that he has not been convicted of any of the alleged prior bad acts. He contends the evidence should be excluded because the government (1) fails to show a factual basis to satisfy Fed. R. Evid. 404(b); (2) fails to adequately identify the specific purpose for its introduction; and (3) because any probative value of evidence of

1

unconvicted charges is far outweighed by the risks of unfair prejudice, confusion of the jury, undue delay and waste of time.

In response, the government asserts that the purpose of its proffered Rule 404(b) evidence is to establish identity and has narrowed its proffered 404(b) evidence to evidence of one alleged prior act consisting of the eyewitness testimony of an individual who was working as a teller at the Compass Bank in Phoenix, Arizona on October 24, 2007, when it was robbed. According to the government, the Compass Bank teller will identify Defendant as the person who committed that robbery. The government alleges that the Compass Bank robbery and the currently charged offense have certain signature qualities in common that will help to establish that Defendant is the individual who committed the currently charged offense.

Rule 404(b) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, . . . *identity*, or absence of mistake or accident . . . ."[1]

Using the well-known *Huddleston*[2] factors, the Court applies a four-part test for admissibility of evidence under Rule 404(b): "(1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) a limiting instruction is given if the

---

[1] Fed. R. Evid. 404(b) (emphasis added).

[2] *United States v. Huddleston,* 485 U.S. 681, 691-92 (1988).

defendant so requests."³ "Where evidence is offered under Rule 404(b), the government bears the burden of showing that the proffered evidence is relevant to an issue other than character."⁴ To meet its burden, the government must also "'articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred' from the other acts evidence."⁵

> Evidence is admitted for a proper purpose if allowed for one or more of the enumerated purposes in Rule 404(b). It is relevant if it tends to prove or disprove one of the elements necessary to the charged offense. The danger of unfair prejudice resulting from the evidence's admission must not substantially outweigh the probative value of the evidence under the balancing test of Fed.R.Evid. 403. The limiting instruction must caution the jury to consider the evidence only for the limited purposes for which it is admitted and not as probative of bad character or propensity to commit the charged crime.⁶

The fact that Defendant has not been convicted of the Compass Bank robbery does not mean that signature crime relating to it is inadmissible in this case. In *United States v. Gutierrez*,⁷ the Tenth Circuit held that the evidence of a then-unconvicted bank robbery

---

³*United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006) (citing *Huddleston*, 485 U.S. at 691).

⁴*United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000) (citation omitted).

⁵*Id.* (quoting *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985)).

⁶*Mares*, 441 F.3d at 1156-57 (citing *United States v. Tan*, 254 F.3d 1204, 1211-12 (10th Cir. 2001)) (noting that *Tan* holds that in order for evidence to be inadmissible under Rule 403 the evidence's unfair prejudice must do more than "damage the [d]efendant's position at trial," it must "make[ ] a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged").

⁷696 F.2d 753 (10th Cir. 1983).

that shared elements that possessed "signature quality" was properly admitted under Rule 404(b) in the defendant's bank robbery trial, even though that defendant was subsequently acquitted on charges relating to that other crime.[8] Similarly, in *United States v. Dowling*,[9] the United States Supreme Court found that the admission of testimony under Rule 404(b) regarding an unrelated robbery did not violate the Double Jeopardy clause "despite the fact that the defendant had been already been acquitted in that earlier case."[10]

"[T]o prove identity, evidence of prior illegal acts need not be identical to the crime charged, so long as, based on a 'totality of the comparison,' the acts share enough elements to constitute a 'signature quality.'"[11]

The nonexclusive list of "elements relevant to a 'signature quality' determination include: geographic location; the unusual quality of the crime; the skill necessary to commit the acts; or use of a distinctive device."[12] However, "the weight to be given to any one element and the number of elements necessary to constitute a 'signature' are highly dependent on the elements' uniqueness in the context of a particular case. In other words,

---

[8] *Id*. at 755 n.2.

[9] 493 U.S. 342 (1990).

[10] *Id*. at 348-49. *See also United States v. Felix*, 503 U.S. 378 (1992) (following *Dowling* and holding that introduction of evidence of then-unconvicted Oklahoma drug transactions under Rule 404(b) in trial for drug transactions occurring in Missouri did not bar the subsequent criminal prosecution in Oklahoma of those Oklahoma drug transactions).

[11] *United States v. Shumway*, 112 F.3d 1413, 1420 (10th Cir. 1997) (quoting *United States v. Patterson*, 20 F.3d 809, 813 (10th Cir.), *cert. denied*, 513 U.S. 841 (1994)) (further citations omitted).

[12] *Id*. (illustrative citations omitted).

4

a few highly unique factors may constitute a 'signature,' while a number of lesser unique factors 'although insufficient to generate a strong inference of identity if occurred separately, may be of significant probative value when considered together.'"[13]

Defendant argues that the currently charged offense and the Compass Bank robbery share only generic facts. The government points out a list of elements it contends possess "signature quality."

The Court finds that the elements in the currently charged offense and the Compass Bank robbery that share elements that possess a signature quality include wearing distinctive clothing consisting of a blue jacket and a baseball cap and use of a distinctive device, namely a handgun wrapped with black electrical tape. In his Reply, Defendant argues that evidence will be that the blue jacket worn in the Compass Bank Robbery involved snap buttons while the blue jacket in this case involves a blue jacket with a zipper. Defendant also argues that there is no evidence of the use of a unique device because the Compass Bank robbery involved a handgun wrapped with black electrical tape and in the currently charged offense the evidence is the handgun was wrapped in a plastic bag.

The Court finds that the government has met its burden of showing the evidence is offered for a proper purpose, to establish identity. If the evidence is as represented by the government, it would be relevant because the crimes share elements that possess signature quality. If it is as represented by Defendant, it would not be. Similarly, the determination of whether the probative value of the evidence is not substantially

---

[13]*Id*. (quoting *United States v. Myers*, 550 F.2d 1036, 1045 (5th Cir.1977)).

outweighed by its prejudicial effect depends on the evidence. Further, the Court finds that the most important evidence regarding relevance will be the strength, or lack of it, of the Compass Bank teller's identification of Defendant as the person who robbed the Compass Bank.

The Court finds that there is a sufficient showing of admissibility under Rule 404(b) to allow the government to proffer its evidence outside of the hearing of the jury—possibly on the afternoon of the first day of trial. Unless the evidence supports relevance, the Court will not allow the testimony.

Further, the Court notes that, originally, the government sought to admit evidence of three Arizona robberies under Rule 404(b)[14] but, as noted above, subsequently narrowed its request to only the Compass Bank robbery. Accordingly, Defendant is entitled to exclusion of any evidence relating to any other robberies occurring in Arizona, including those occurring on October 12, 2007 and November 9, 2007. It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Unconvicted Charges (Docket No. 45) is GRANTED IN PART and no evidence relating to robberies in Arizona, including those occurring on October 12, 2007 and November 9, 2007 will be admitted. It is further

ORDERED that Defendant's Motion in Limine to Exclude Unconvicted Charges (Docket No. 45) is otherwise DENIED as set forth above and the Court reserves the issue of the admissibility of testimony regarding the Compass Bank robbery for trial. It is further

---

[14]*See* Docket No. 41 (Government's Notice of Intent to Use Certain Evidence).

ORDERED that in the event that the evidence of the Compass Bank robbery is admitted at trial, the Court will instruct the jury that it may consider the evidence only for the limited purpose of showing identity and for no other purpose.  A proposed jury instruction to that effect is attached hereto as Exhibit A.

DATED   August 25, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge