IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES GEORGE ANDREOPOULOS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR BANK ROBBERY CONVICTIONS<br><br>Case No. 2:08-CR-24 TS |

Defendant moves to exclude the government from cross-examining him regarding his two convictions for bank robbery. Defendant argues that because he is charged with armed bank robbery in the present case, evidence regarding such convictions would be extremely prejudicial and such prejudice outweighs any probative value. He further argues that evidence of yet other felony convictions is available to the government for the purposes of impeachment.

The government argues that under Fed.R.Crim.P. 609(a)(1), the evidence is admissible for the purpose of attacking his character for truthfulness. Citing the Tenth

1

Circuit's recent case, *United States v. Commanche*,[1] the government concedes that it must limit its cross-examination of defendant regarding his prior felony convictions to the fact of his convictions, their general nature, and their felony-status punishment range.

Rule 609(a)(1) provides, in part, that "[f]or the purpose of attacking the character for truthfulness of a witness, . . . evidence that an accused has been convicted of" a felony "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."[2]

The Tenth Circuit "recognize[s] that proof of prior convictions of a defendant for crimes identical or similar to the one for which he is being tried should be carefully scrutinized by the trial court in determining whether the probative value of such evidence outweighs the prejudice to the defendant."[3] Where it is admissible, the rule regarding "the scope of permissible cross-examination under Rule 609"[4] had been established as follows:

> Ordinarily, it is improper for the prosecution to examine into the details of the crime for which the accused was convicted. The cross-examination should be confined to a showing of the essential facts of convictions, the nature of the crimes, and the punishment. Care should be taken to protect the accused as far as possible from being convicted because of past conduct and not the crime for which he is being tried.[5]

---

[1] __ F.3d __, 2009 WL 2581737 (10th Cir. Aug. 24, 2009).

[2] Fed.R.Evid. 609(a)(1).

[3] *United States v. Seamster*, 568 F.2d 188, 191 (10th Cir. 1978) (holding not error in burglary to allow defendant's credibility to be attacked on cross-examination by interrogation concerning prior burglary convictions).

[4] *Commanche*, 2009 WL 2581737 *8.

[5] *Id*. (quoting *United States v. Wolf*, 561 F.2d 1376 (10th Cir. 1977)).

Defendant relies on cases from other circuits, as well as *Old Chief v. United States*,[6] to argue that the admission would be prejudicial. *Old Chief* involved allowable methods of proving a prior conviction under 18 U.S.C. § 922(g)(1), when the defendant offered to stipulate to the fact of the prior conviction, a necessary element of the offense. As noted in a footnote in *Old Chief*, the case did not involve whether "prior-offense evidence may in a proper case be admissible for impeachment" under Rule 609.[7]

Similarly, the case *United States v. Shapiro*,[8] quoted by Defendant, involved a conviction that was more than ten years old, a situation to which a different test applies under subsection (b) of Rule 609.

In sum, as explained in *Commanche*, "the defendant [is] entitled to the protection of the rule that only the prior conviction, its general nature, and punishment of felony range [are] fair game for testing the defendant's credibility."[9] However, a "different situation is presented when an accused, on direct examination, attempts to explain away the effect of the conviction or to minimize his guilt. In such cases the defendant may be cross-examined on any facts which are relevant to the direct examination."[10]

Having considered the record in this case, the Court finds that, if Defendant decides to testify, the probative value of admitting the evidence of his prior convictions as outlined

---

[6] 519 U.S. 172 (1997).

[7] *Id*. at 176 n.2.

[8] 565 F.2d 479 (1977).

[9] *Id*. (quoting *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996)).

[10] *United States v. Martinez*, 76 F.3d 1145, 1151-52 (10th Cir. 1996).

above, for the purpose of impeachment ,outweighs its prejudicial effect to Defendant. Any potential prejudice will be ameliorated by an instruction from the Court at the time the evidence is received, and again at the close of trial, as to the limited purpose—impeachment of credibility—for which it is offered. Therefore, the Court will deny Defendant's Motion. However, the required balancing *may* be reassessed as the evidence is actually presented in the context of the entire record at trial.[11] It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Evidence of Prior Bank Robbery Convictions (Docket No. 54) is DENIED.

DATED August 27, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[11] *United States v. Mejia-Alarcon*, 995 F.2d 982, 987 n.2 (10th Cir. 1993) (noting that "any final determination as to admissibility under Rule 609(a)(1) rests on a balancing of the probative value and prejudicial effect of the conviction—a balancing that could only properly be performed after an assessment of the evidence that had come in up to the point of its admission").